UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DURGA PRASAD SEGABANDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV1082 HEA |
| | ) |
| PINNACLE TECHNICAL RESOURCES, INC., | ) |
| | ) |
| Defendant, | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. [Doc. No. 7]. Plaintiff opposes the Motion. For the reasons set forth below, the Motions is denied.

**Facts and Background[1]**

Plaintiff Durga Prasad Segabandi alleges that Defendant Pinnacle Technical Resources, Inc. discriminated against him in violation of Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, based on his national origin. Plaintiff, who is Indian, claims that he was subjected to pay discrimination. Specifically, he alleges that was paid $20,000 less than Defendant's minimum annual salary for employees with commensurate experience and technical abilities who are citizens of the United States. According to Plaintiff, "[t]he only reason Pinnacle refused to pay [him] the minimum salary was because [his] nationality is other than U.S. citizen." [Doc. No. 1 at 6].

Plaintiff earned $64,480 annually, but was informed by Defendant's CEO that his salary would be raised to $85,634 if he obtained permanent resident status. Defendant further

---

[1] The recitation of facts is taken from Plaintiff's Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

promised to reimburse Plaintiff's expenses for the residency process. Plaintiff spent approximately $10,000 becoming a permanent resident.

However, when Plaintiff advised Defendant that he had obtained status as a permanent resident, Defendant refused to increase his salary or reimburse him for his expenses. Plaintiff resigned on March 8, 2013 and is currently employed elsewhere earning an annual salary of $110,000.

**Standard**

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id.* at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief." *Id.* The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir. 2011).

**Discussion**

Defendant asserts that Plaintiff's Complaint should be dismissed because Plaintiff does not make any allegation of national origin discrimination. Defendant contends that "Plaintiff fails to appreciate that citizenship is entirely distinct from national origin," and that "[w]hile Title VII of the Civil Rights Act explicitly prohibits national origin discrimination, it does not prohibit discrimination on the basis of citizenship status." [Doc. No. 7 at 2]. Defendant correctly notes that "[t]he United States Supreme Court explicitly recognized this in *Espinoza v. Farrah Manufacturing Co.*, 414 U.S. 86, 96 (1975)." [*Id.*].

It is the Court's obligation to liberally construe Plaintiff's *pro se* Complaint. *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014) ("'When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.'") (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). Here, Plaintiff indicated—both in his Complaint and his EEOC charge—that he is proceeding on the theory that Defendant discriminated against him based on his national origin. Although his Complaint is couched in terms of alleged pay discrimination based on his "nationality," as compared to employees that are citizens of the United States, these allegations can be liberally construed as claiming that the alleged discrimination is based on Plaintiff's national origin. For this reason, dismissal on 12(b)(6) grounds would be premature at this time.

Further, the Court notes that both the Supreme Court in *Espinoza*, and Eighth Circuit in relying on *Espinoza*, have acknowledged that "Tit[le] VII prohibits discrimination on the basis of

citizenship whenever it has the purpose or effect of discriminating on the basis of national origin." *Espinoza*, 414 U.S. at 92; *Alper v. Gallup, Inc.*, 499 F. App'x 625, 625 (8th Cir. 2013) ("[a] citizenship requirement is unlawful if it is pretext for national-origin discrimination") (citing *Espinoza*); *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 973–77 (8th Cir. 2011) (in the context of defendant's motion for summary judgment, finding that plaintiff "conflate[d] citizenship or immigration status with national origin," and, because plaintiff "d[id] not present direct evidence of national-origin discrimination," evaluating her claims under the burden-shifting scheme of the *McDonnell Douglas* analysis). Plaintiff's Complaint can be liberally construed as alleging that the alleged pay difference for citizens versus non-citizens was a pretext for discrimination based on national origin. For this reason as well, dismissal for failure to state a claim would be premature at this stage of the proceedings.

Liberally construing Plaintiff's Complaint, the Court finds that he has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's claims outlined above are "enough to raise a right to relief above the speculative level" for 12(b)(6) purposes. *Id.* at 555. As such, Defendant's Motion to Dismiss [ECF No. 7] is, at this time, denied without prejudice.

## Conclusion

Based on the foregoing, the Court denies Defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 7] is **DENIED**.

Dated this 26th day of February, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE